UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-365-JST (ANx)            Date: June 6, 2013
Title: Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                          Not Present

**PROCEEDINGS:**     **(IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. 7)**

       Before the Court is Defendant Greenwich Insurance Company's Motion to Dismiss Plaintiffs' Complaint. (Mot., Doc. 7.) Plaintiffs Henry Lee and Danny's Tustin at the Market Place LLC ("Plaintiffs") filed an opposition, and Defendant replied. (Opp'n, Doc. 8; Reply, Doc. 10.) After reviewing the parties' papers and hearing oral argument on the matter, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

### I. Background

       When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint. *Hemi Grp., LLC v. City of New York*, 559 U.S. ---, 130 S. Ct. 983, 986-87 (2010). Plaintiff Lee is a "judgment creditor" of co-Plaintiff Danny's Tustin. (Notice of Removal, Ex. A ("Compl." ¶ 1.) Danny's Tustin operated a car wash in Tustin, California until 2009 "when the car wash was sold to a third party." (*Id.* ¶ 3.) Lee was owed a commission in relation to the sale of the car wash, and eventually obtained an Arbitration Award and Judgment granting him this commission. (*Id.*) Before Lee could recover on the Award and Judgment granted to him, Daniel Hendon, "as the Managing Member of Danny's Tustin [] authorized the transfer of all the Tustin

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-365-JST (ANx)　　　　　　　　　　　　　　　　Date: June 6, 2013

Title: Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

car wash proceeds to another Hendon entity without keeping a sufficient reserve for known creditors, namely Plaintiff Henry Lee . . . ." (*Id.*) Lee then filed suit in Orange County Superior Court ("Underlying Action") on behalf of himself and derivatively on behalf of Plaintiff Danny's Tustin against Danny's Tustin, Hendon, and Danny's Family California, LLC, a Hendon entity, which received the transferred funds. Plaintiffs asserted three claims related to the transfer of the funds, including a claim (1) to set aside a fraudulent conveyance under California and Arizona law; (2) on behalf of Danny's Tustin LLC under California Corporations Code sections 17254 and17255 and related Arizona statutes; and (3) asserting alter ego status against Defendant Hendon. (Compl. Ex. C ("Statement of Decision"); Def.'s Request for Judicial Notice ("RJN") Ex. B ("First Amended Complaint Underlying Action").) While the underlying action was pending, Hendon personally filed for Chapter 11 bankruptcy and obtained an automatic stay of the underlying proceedings. (Compl. ¶ 4.) On February 22, 2012, "Lee was specifically granted Relief from the Automatic Stay to proceed against Hendon on his Second Cause of Action to his Amended Complaint, for a violation of California Corporations Code §§ 17254 and 17255. The Relief from Automatic Stay also granted Lee the right to proceed against Hendon's Insurer as his sole remedy against Hendon, if and when a Judgment in the underlying Lee Action was entered." (Compl. ¶ 4.)

　　　　After the order granting relief from the automatic stay was entered, Plaintiffs proceeded to trial against all named defendants in the underlying action on the second cause of action. A judgment was entered on July 19, 2012, in favor of Plaintiffs and against all defendants in the underlying action "jointly and severally for failing to set aside a reserve for Lee's known creditor's claim before distributing proceeds from the sale of the Tustin car wash." (Compl. ¶ 5.) The Court found that the funds from the car wash sale were transferred with the knowledge and instruction of Hendon, but that Hendon's liability did not stem from fraud or tortious conduct. (Statement of Decision ¶ II.C-D.) An amended judgment was entered on December 10, 2012, and the total Judgment now stands at $287,509.99, excluding post-judgment interest. (Compl. ¶ 6.) "The Judgment and Statement of Decision specifically authorized Plaintiff Henry Lee to enforce the Judgment in his own name and [] for Danny's Tustin at the Market Place LLC." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-365-JST (ANx)                          Date:  June 6, 2013
Title:  Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

Plaintiffs now file the instant suit against Defendant Greenwich Insurance Company, alleging that "Hendon's car wash companies and subsidiaries purchased from Greenwich a claims made policy . . . Policy Number ELU103964-08," which is available to enforce the judgment in the underlying action. (Compl. ¶¶ 9-10.) The Policy "applies to all of the Danny's Family Trust subsidiaries, including Danny's Tustin, Hendon individually, and Danny's Family California, in the amount of $1 million plus an additional $500,000 coverage if a claim is made against an Officer personally. The Policy's coverage period covers the claim asserted by Lee . . . ." (*Id.* ¶ 10.) The Policy covers "[l]oss resulting from a Claim first made against the Insured Persons during the Policy Period." (Compl. Ex. D ("Policy") at *84)[1]. The section entitled "General Terms and Conditions-PC 71 00 03 00," defines "loss" to include "damages, judgments, settlements or other amounts." (*Id.* § II.I. at *78.)

Plaintiffs demanded that Greenwich pay the Judgment as the underlying defendants' insurer on September 14, 2012, but Greenwich disavowed any obligation to pay the Judgment. (*Id.* ¶ 21.) As a result, Plaintiffs filed the instant action, asserting the following claims: (1) "breach of insurance contract of indemnity on [sic] officers' and directors' policy"; (2) breach of insurance contract by Henry Lee as an intended third party beneficiary; and (3) declaratory relief. (*Id.*)

**II.   Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

---

[1] All pages citations to Exs. C & D are to the CM/ECF generated page numbers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-365-JST (ANx)                                Date: June 6, 2013
Title: Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

     To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555).

     In considering the motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).[2]

### III.   Discussion

#### A. "Standing" to Enforce the Contract

     Defendant first argues that Plaintiffs do not have standing to bring this action because Lee is not an insured under the Policy. (Mot. at 6.) Plaintiffs allege that Lee is a

---

[2] Both parties ask the Court to take judicial notice of various documents from the Underlying Action. (Def.'s Req. for Judicial Notice ("RJN"), Doc. 7-2; Plfs.' RJN, Doc. 8-1.) The Court takes Judicial Notice of the First Amended Complaint in the Underlying Action for purposes of identifying the claims alleged by Plaintiffs in the underlying action. (Def.'s RJN Ex. B.) All other requests for judicial notice are DENIED, because the Court did not rely on the document proffered documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-365-JST (ANx)                                Date:  June 6, 2013
Title:  Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

third-party beneficiary under the Policy, as evidenced by an exception to an exclusion in the Policy.  (Opp'n at 12.)

      "As a general rule, absent an assignment of rights or a final judgment, a third party claimant may not bring a direct action against an insurance company on the contract because the insurer's duties flow to the insured." *Harper v. Wausau Ins. Co.*, 56 Cal. App. 4th 1079, 1086 (1997).  One exception to this rule is that "a claimant may sue the insurer as a third party beneficiary utilizing traditional contract principles. Under California law third party beneficiaries of contracts have the right to enforce the terms of the contract under Civil Code section 1559 . . . ." *Id.*  "The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract." *Souza v. Westlands Water Dist.*, 135 Cal. App. 4th 879, 891 (2006).  "If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person.  The parties are presumed to intend the consequences of a performance of the contract." *Id.*

      California courts have often found third parties to be intended beneficiaries of insurance contracts.  *See, e.g.*, *Barrera v. State Farm Mut. Auto. Ins. Co.*, 71 Cal. 2d 659, 676 (1969) (holding that an "automobile liability insurer incurs a direct duty to those members of the public . . .who stand[] to benefit from the validity of a contract of insurance which protects them against the risk of their own injury or death"); *Harper*, 56 Cal. App. 4th 1079, 1089 (1997) (finding a visitor injured on an insured's property a third-party beneficiary under a medical payments provision of a commercial general liability insurance policy).

      Moreover, under California law, the goal of contract interpretation is to "give effect to the mutual intention of the parties as it existed at the time the contract was executed." *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126 (2008) (quoting Cal. Civ. Code § 1636).  "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . ." Cal. Civ. Code § 1639 (West 2011).  Therefore, "the objective intent of the contracting parties [is ordinarily] a legal question determined solely by reference to the contract's terms." *Wolf*, 162 Cal. App. 4th at 1126.  A court does, however, consider extrinsic evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-365-JST (ANx)            Date:  June 6, 2013
Title:  Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

when the parties dispute the meaning of the words used in their agreement in order to determine, "in the light of all of the circumstances, [if the contract] is fairly susceptible to either one of the two interpretations contended for." *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 40 (1968).  That is, "[e]ven if a contract appears unambiguous on its face, a latent ambiguity may be exposed by extrinsic evidence which reveals more than one possible meaning to which the language of the contract is . . . reasonably susceptible." *Dore v. Arnold Worldwide, Inc.*, 39 Cal. 4th 384, 391 (2006) (citation omitted).

       Here, Plaintiffs claim Lee is a third-party beneficiary of the Policy, as evidenced by Exclusion F of the Policy and an exception to that Exclusion.  (Compl. ¶ 12.)  The exclusion language reads as follows:

> The insurer shall not be liable to make any payment for Loss, and shall have no duty to defend or pay Defense Expenses, in connection with any claim made against an insured: . . . .
> > F. brought by or on behalf of, or at the direction of any Insured, except and to the extent such Claim is brought:
> > > (1) derivatively by a security holder of the Company, who, when such Claim is made and maintained, is acting independently of, and without the solicitation, assistance, participation or intervention of any insured;

(Policy at *84-*85 ("PC 71 01 03 00").)  Plaintiffs allege Lee is a "judgment creditor" who has a "perfected Judgment lien," which makes him a security holder of the company.  (Compl. ¶ 16.)  Plaintiffs cite California Code of Civil Procedure section 697.590, which grants judgment lien holders priority over other creditors, and the Legislative Committee Comments to that section, which provide that "[t]his section in general treats a judgment lien on personal property as analogous to a *security interest* that is perfected . . . ." (emphasis added).

       The Court finds that at this stage, Plaintiffs have adequately alleged Lee's status as a third party beneficiary.  Both sides have presented plausible definitions of the term

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-365-JST (ANx)                                Date:  June 6, 2013

Title:  Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

"security holder" with citations to supporting legal authority.  While Defendant's definition may be more plausible, Plaintiffs are entitled to offer evidence of the parties' intent to support their position.  Indeed, had Defendant wanted to limit the definition of a "security holder of the Company" to shareholders of the insured, it could have excepted claims brought by *shareholders* of the Company; Defendant did not, however, limit the term in such a way, and by not defining the term, it has created a reasonable dispute as to its meaning.  Thus, the Court cannot say that Lee is not a security holder within the meaning of the Policy on a motion to dismiss.  *Cf. Solid Host, NL v. Namecheap, Inc.*, 652 F. Supp. 2d 1092, 1119 (C.D. Cal. 2009) ("Because they involve factual questions of intent, third party beneficiary claims are often not appropriate for resolution via motion to dismiss.")

        Defendant also argues that Lee cannot claim he acted "independently" and "without the  . . . participation" of Danny's Tustin who was a named plaintiff in the underlying action.  (Reply at 4.)  But Danny's Tustin was a named plaintiff in the underlying action *because* Lee sued derivatively on its behalf under California Corporations Code sections 17254 and 17255.  Clearly, the exception to the exclusion contemplates derivative actions brought on behalf of the insured.  Defendant's argument is unavailing and would nullify the entire exception to the exclusion.  Defendant may very well be able to introduce evidence at summary judgment that Lee was not an intended third-party beneficiary of the contract, but Plaintiffs have adequately pleaded third-party beneficiary standing at this stage.

        Finally, Defendant's argument that an exception to an exclusion does not affirmatively grant rights is unavailing.  (Reply at 3-4.)  Plaintiffs are not seeking to create coverage out of an exception to an exclusion; they are simply pointing to an exception to argue that Lee is an intended third-party beneficiary under the Policy.  Plaintiffs must thereafter prove that the "loss" they suffered is covered by the Policy.  Thus, the Ninth Circuit's holding in *Sony Computer Entertainment America Inc. v. American Home Assur. Co.*, is not inapposite.  532 F. 3d 1007, 1017 (9th Cir. 2008) (noting that a party must prove loss is covered and that an exception to an exclusion does not provide coverage separate and apart from the affirmative coverage provisions).

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  SACV 13-365-JST (ANx)                                        Date:  June 6, 2013
Title:  Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

### B. Exclusions

Defendant alleges that the following three exclusions bar Plaintiffs' suit: (1) the Insured v. Insured exclusion; (2) the Willful Violation of Statute Exclusion; and (3) the Illegal Profit Exclusion.  Defendant also argues that the Underlying Judgment is for a restitutionary award and that such an award is uninsurable under California law.

#### *1. Insured v. Insured Exclusion*

Defendant's arguments regarding the Insured v. Insured exclusion are essentially the same arguments it made for why Lee lacks "standing" to sue to enforce the Policy; it argues that Exclusion F, quoted above, bars coverage for Plaintiffs' "loss" because Lee did not bring the suit "derivatively [as] a security holder."  (Policy at *85.)  For the reasons discussed above, the Court finds that it cannot conclude at the motion to dismiss stage, that Plaintiffs' loss is excluded under the Insured v. Insured exclusion and not in fact an exception to the exclusion as a suit brought derivatively by a security holder.

#### *2. Willful Violation of A Statute Exclusion*

Defendant also argues that the Willful Violation of a Statute exclusion ("Willful Violation exclusion") bars Plaintiffs' suit.  The Willful Violation exclusion bars coverage for Loss "brought about or contributed to in fact by any: [] intentionally dishonest, fraudulent, or criminal act or omission or any willful violation of any statute, rule, or law . . . ."  (Policy at *84.)
Defendant relies on a finding in the Statement of Decision in the underlying suit that "[b]oth Defendants Hendon individually and through Danny's LP . . . had knowledge of the impropriety of the distribution."  (Complaint Ex. C ("Statement of Decision") at *28.)  The court also noted, however, that "impropriety does not refer to 'fraud' but refers to the authorization of the distribution without making provisions for a known creditor's claim," and that "[f]raud or scienter, or intent to defraud, are not elements of [sic] to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-365-JST (ANx)                          Date: June 6, 2013

Title: Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

impose liability under Corporations Code §§ 17254 and 17255." (*Id.*) Further, the court stated that tortious conduct is not a required finding for liability under the Corporations Code sections under which Plaintiffs sued. (*Id.* at 4-5.)

      Here, the Court cannot determine at the motion to dismiss stage that coverage for Plaintiffs' loss is barred by this exclusion. The Policy apparently does not define "willful violation of a statute," and Plaintiffs appear to be contending that "willful" under the Policy contemplates scienter, intent, or tortious conduct. (Opp'n at 19-20.)[3] At oral argument, Plaintiffs' counsel further argued that violations of sections 17254 and 17255 are "technical violations," which are not the kind of violations contemplated by the Willful Violation exclusion. If Plaintiffs can introduce evidence supporting this definition of the phrase "willful violation of a statute," then Plaintiffs' claim would not be barred. If Defendant's interpretation of the term "willful" was what was intended by the parties when they created the Policy, then the Court will determine whether the Underlying Judgment supports a finding of a "willful violation of a statute" at that juncture.

### *3. Illegal Profit Exclusion*

      Defendant also argues that the Illegal Profit exclusion bars coverage for Plaintiffs' Loss. (Mot. at 15-16.) The Illegal Profit exclusion bars coverage for a Loss "brought about or contributed to in fact by any: . . . profit or remuneration gained by any Insured to which such insured is not legally entitled." (Policy at *84.) According to Defendant, because the court in the Underlying Action found that the transfer of funds from Danny's

---

[3] Defendant cites to two cases to argue that the conduct that led to the Underlying Judgment was a "willful violation of a statute." (Mot. at 14-15.) These cases, however, do not support dismissing Plaintiffs' claims at this stage in the proceedings. *Greenwich Ins. Co. v. Media Breakaway, LLC*, No. CV08-937 CAS, 2009 WL 2231678, at *1-*2 (C.D. Cal. July 22, 2009) was decided on summary judgment, not a motion to dismiss, and it appears that the Court considered extrinsic evidence in reaching its decision. And *Mez Industries, Inc. v. Pacific National Insurance Co.*, 76 Cal. App. 4th 856 (1999), was decided under California procedural rules, and interpreted the definition of "willful act" under California Insurance Code Section 553 and not under an insurance policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-365-JST (ANx)                                          Date: June 6, 2013
Title: Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

Tustin to Danny's Family LP was a prohibited transaction, and Hendon personally "directed the transfer for the benefit of his controlled entity," Plaintiffs' Loss was brought about by profit gained by Hendon to which he was not legally entitled.

Plaintiffs did not plead that Hendon obtained any profit from the transaction personally, but only that Hendon "authorized the transfer of all the Tustin car wash proceeds to another Hendon entity without keeping a sufficient reserve for known creditors . . . ." (Compl. ¶ 3.) Moreover, neither section 17254 nor section 17255 requires that the defendant profit from the transfer of funds. Again, the Court finds that it is improper to determine the application of this exclusion at the motion to dismiss stage, where it is unclear from the Underlying Judgment that Hendon obtained a "profit" as referred to in the Policy.

*4. Restitution*

Finally, Defendant argues that Plaintiffs' claim is uninsurable under California law. (Mot. at 16.) Plaintiffs, however, argue that this defense is an affirmative one which cannot be raised on a motion to dismiss. But "the assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013). Here, the allegations that give rise to this defense are contained in the Complaint (*see* ¶¶ 3-6, 20), and in documents attached to the Complaint. (*See* Statement of Decision.) Plaintiffs' argument is therefore unconvincing. Thus, the Court will proceed to the merits of Defendant's argument.

California law "precludes indemnification and reimbursement of claims that seek the restitution of an ill-gotten gain. . . . in limited circumstances." *Unified Western Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1115 (9th Cir. 2006); *see also Bank of the West v. Superior Court*, 2 Cal. 4th 1254 (1992) (barring insurance coverage for restitutionary awards under the Unfair Business Practices Act). The California Supreme Court has defined restitution to at least include situations "in which the defendant is required to restore to the plaintiff that which was wrongfully acquired." *Bank of the West*, 2 Cal. 4th at 1268 (internal quotation marks omitted). "When the law

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-365-JST (ANx)                                                    Date:  June 6, 2013
Title:  Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

requires a wrongdoer to disgorge money or property acquired through a violation of the law, to permit the wrongdoer to transfer the cost of disgorgement to an insurer would eliminate the incentive for obeying the law." *Id.* at 1269.

Thus, "[t]he label of restitution or 'damages does not dictate whether a loss is insurable. . . . (Insurable damages include monetary awards that represent compensation for harm to third parties, even if such awards bear the label restitution.) . . . . The fundamental distinction is not whether the insured received 'some benefit' from a wrongful act, but whether the claim seeks to recover only the money or property that the insured wrongfully acquired." *Unified Western Grocers, Inc.*, 457 F.3d at 1115 (internal quotation marks and brackets omitted).

Here, the Underlying Judgment grants "damages in the amount of $166,690.15 plus pre-judgment interest of $39,136.84 . . . plus costs in the stipulated amount of $3,015, [and] attorneys fees in the amount of $78,668 for a total judgment of $287,509.99."  (Compl. Ex. B ("Amended Judgment") at *21.)  There is no mention of the word "restitution" in the Underlying Judgment.  However, the damages awarded in the Underlying Judgment are a result of Hendon's transfer of funds from Danny's Tustin LLC to Danny's Family LP, and are meant to restore to Plaintiffs the money that Hendon wrongfully acquired.  This sum is the exact amount of the arbitration award and judgment that Lee initially obtained in 2010 before the Underlying Suit.  (Statement of Decision ¶ 3.)  Moreover, section 17254 provides that "[a] member or an assignee of a member is obligated to *return* a distribution from a limited liability company " where, in part, the member or assignee had actual knowledge of facts "indicating the impropriety of the distribution . . . ." Cal. Corp. Code § 17254 (internal quotation marks omitted). This language squarely fits into the California Supreme Court's definition of restitution.  Thus, the Underlying Judgment requires the underlying defendants to "restore" to Plaintiffs "that which they wrongfully acquired" in violation of sections 17254 and 17255.  At least the damages portion of the judgment therefore is meant to serve as restitution for money that Hendon wrongfully acquired, and this portion is uninsurable under California law. *Cf. Pan Pac. Retail Properties Inc. v. Gulf Ins. Co.*, 471 F.3d 961, 968 (9th Cir. 2006) (derivative claims seeking relief based on injuries to a corporation "would necessarily seek to divest money that was improperly obtained or withheld by [defendants].  Any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-365-JST (ANx)                                                    Date:  June 6, 2013

Title:  Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

payments intended to settle these claims would be uninsurable as seeking to recover the net benefits of the alleged wrongful acts committed by the [defendants]").

Plaintiffs argue that the Underlying Judgment was not restitutionary because it did not order the return of *all* of the car wash proceeds to Danny's Tustin, but only an amount sufficient for Plaintiff Lee to recover on his 2010 judgment.  At oral argument, Plaintiffs' counsel relied on *Unified Western Grocers*, 457 F.3d 1106, arguing that where only a portion of an amount that was wrongfully obtained or withheld is ordered returned, a judgment is not restitutionary.  But counsel's reliance on *Unified Western Grocers* is misplaced, and the case is inapposite.  There, the "complaint sought $13.5 million in damages, [while] only $8.5 million [was] alleged to have been received by the Appellants"; here, the judgment awarded the exact amount that was owed to the Plaintiff and that was wrongfully withheld or obtained by the defendants in the underlying action.  Indeed, the court in the Underlying Action noted that "proceeds from the Tustin car wash sale must be returned to Danny's Tustin at the Market Place, LLC in an amount necessary to fully satisfy Plaintiff Lee's Judgment" because there were no other creditors of Danny's Tustin (Statement of Decision ¶ G); thus, the Underlying Judgment reflects a return of the *entire* amount that Hendon "wrongfully acquired," because the remaining amount of the car wash profit could rightfully be transferred to another Hendon entity.

Plaintiffs, however, have stated their belief that Defendant may have waived its right to assert this and other defenses by not reserving its rights.  (Opp'n at 23.); *see also Canadian Ins. Co. v. Rusty's Island Chip Co.*, 36 Cal. App. 4th 491, 498 (1995) ("[Defendant's] failure to reserve its right to contest coverage under the policy's exclusions of coverage for willful acts or trademark infringement waived its right to assert those exclusions as a basis for denying coverage in the federal action.")  While California law normally precludes indemnification of restitutionary awards, "recovery under a subsequent estoppel [after a contract is executed] does not offend public policy." *Tomerlin v. Canadian Indem. Co.*, 61 Cal.2d 638, 648-49 (1964) (defendant insurer was estopped from denying liability for a judgment based on willful conduct, even though such a judgment would have been uninsurable in the first instance as against public policy).  Thus, if Plaintiffs can prove that Defendant waived this defense, Plaintiffs may in fact seek coverage for the portion of the Underlying Judgment awarded as restitution.

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-365-JST (ANx)                        Date:  June 6, 2013
Title:  Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

Moreover, it appears that not all of the Underlying Judgment may be characterized as "restitution," as the court awarded costs, attorney's fees, and pre-judgment interest in addition to the damages award.  In *Unified Western Grocers*, the court noted that "[w]hen an underlying complaint contains a mixture of covered and uncovered loss, the insurer is obligated to allocate the reimbursement of funds between the two types."  457 F.3d at 1115.  Here, it is unclear why costs, attorney's fees, and pre-judgment interest were awarded, and the Court cannot clearly deem these restitutionary at the motion to dismiss stage. The Court will allow Plaintiffs' claim to go forward to the extent it seeks coverage for these items.  Defendant's Motion is therefore GRANTED IN PART WITHOUT PREJUDICE as to Plaintiffs' claims that seek coverage to restore to Plaintiffs the money that Hendon wrongfully acquired.  Otherwise, the Motion is DENIED.

### C. Declaratory Relief

Defendant also seeks to dismiss Plaintiffs' declaratory relief claim, arguing that it is duplicative of Plaintiffs' breach of contract claim.  Where a claim for declaratory relief is merely duplicative of other causes of action asserted by a plaintiff, dismissal is proper. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765-66 (9th Cir. 2007); *see also Essex Marina City Club, L.P. v. Cont'l Cas. Co.*, No. 11-408SC, 2011 WL 1753906 (N.D. Cal. May 9, 2011) (dismissing declaratory relief claim in an insurance breach of contract action where a declaration of the duty owed by the insurer to the insured "add[ed] nothing to the breach-of-contract claim asserted and likely to be resolved in this action"); *B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, No. C 07-02864 JSW, 2007 WL 3232276, at *7 (N.D. Cal. Nov. 1, 2007) (dismissing declaratory relief claim that was duplicative of plaintiff's breach of contract claim).

Here, Plaintiffs' claim for declaratory relief is essentially the same as their breach of contract claim.  Plaintiffs seek an order from the Court "decid[ing] the obligations of Greenwich to Lee based upon the Judgment entered against Greenwich's Insures and under the terms of the Policy."  (Compl. ¶ 35.)  But a declaration of Defendant's obligations under the Policy is duplicative of the issues that will already be determined

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-365-JST (ANx) | Date: June 6, 2013 |

Title: Danny's Tustin at the Market Place LLC, et al. v. Greenwich Insurance Co.

through Plaintiffs' breach of contract claim. Defendant's Motion is therefore GRANTED WITHOUT PREJUDICE as to Plaintiffs' declaratory relief claim.

**IV. Conclusion**

For the reasons discussed above, Defendant's Motion is GRANTED WITHOUT PREJUDICE as to Plaintiffs' claim for declaratory relief and to the extent Plaintiffs are seeking coverage of a restitutionary award. Otherwise, the Motion is DENIED. Plaintiffs may file an amended complaint, consistent with this Order and Federal Rule of Civil Procedure 11, within **21 days** of this Order.

Initials of Preparer tg